UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ OCT 25 2011 ★
BROOKLYN OFFICE

| | |
|---|---|
| NORMA ROGERS ) | Case Number: |
| Plaintiff ) | CIVIL COMPLAINT  CV-11-5190 |
| vs. ) | |
| ACCOUNTS RECEIVABLE ) MANAGEMENT, INC. ) | JURY TRIAL DEMANDED SUMMONS ISSUED |
| Defendant ) | IRIZARRY, J. GO, M.J. |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Norma Rogers, by and through her undersigned counsel, Bruce K. Warren, Esquire, of Warren & Vullings, LLP complaining of Defendant and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Norma Rogers, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and violations of New York General Business Law §349 and §601.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this district is proper in that Plaintiff resides in this District.

### III. PARTIES

4. Plaintiff, Norma Rogers, is an adult natural person residing in Bronx, New York. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Accounts Receivable Management, Inc. at all times relevant hereto, is a corporation engaged in the business of collecting debt in the State of New York and the State of New Jersey, with a principal place of business located at 155 Mid Atlantic Parkway, Thorofare, NJ 08086.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On or about January 19, 2011, Plaintiff started to receive collection calls from the Defendant on a consumer debt allegedly owed on a Target Visa account.

8. On or about that same day, January, 19, 2011, Plaintiff informed the Defendant that she had legal counsel and asked the Defendant to speak with her attorney directly in this matter.

9. Defendant informed the Plaintiff that they would not work with a third party.

10. On or about that same day, January 19, 2011, Plaintiff's legal counsel sent the Defendant a cease and desist letter. **See "EXHIBIT A" (letter) attached hereto.**

11. Defendant continued to call the Plaintiff.

12. On a later call, the Defendant told the Plaintiff that they had already called her attorney and that they were unwilling to settle the Plaintiff's account.

13. Plaintiff is said to owe approximately $1,400.00.

14. Defendant asked the Plaintiff to settle her account for $697.00.

15. Plaintiff was informed that she would need to pay $50.00 a month.

16. Plaintiff stated that she could not afford to make payments at this time.

17. Defendant persisted in contacting the Plaintiff directly and demanding monthly payments from the Plaintiff.

18. Plaintiff fearful of continued harassment agreed to make the $50.00 monthly payments to the Defendant although she could not afford same.

19. Defendant began taking automatic monthly withdrawals from the Plaintiff's checking account without prior notice.

20. Defendant did not send the Plaintiff anything in writing confirming the settlement or payment arrangement.

21. In or about July, 2011, Defendant's agent, "Erica", called the Plaintiff and informed her that the Defendant now needed her to make higher payments.

22. Defendant's agent, "Erica", informed the Plaintiff that the Defendant wanted this debt paid off within a year's time.

23. At this time, Defendant's agent told the Plaintiff that she now owed approximately $1,400.00.

24.  Plaintiff reminded Defendant's agent that they had agreed on a settlement amount of $697.00.

25.  Defendant's agent, "Erica", told the Plaintiff that since she was not going to be able to pay the debt off within a year then the balance would go back to the original amount due.

26.  Defendant did not factor in the payments taken from the Plaintiff's bank accoutnt without notice that totaled nearly $300.00 that the Plaintiff had already made.

27.  Plaintiff was never informed when she initially agreed to make the $50.00 monthly payments that the debt was to be paid off within a year.

28.  Defendant continued to berate the Plaintiff by demanding that the Plaintiff now make payments of $60.87 monthly.

29.  Plaintiff still would not pay the above debt off within a year with this monthly payment.

30.  Fearful that the debt would increase even more, the Plaintiff agreed to make the larger monthly payments to the Defendant despite not having the income to do so.

31.  The Defendant again sent nothing in writing confirming this payment arrangement.

32.  Plaintiff was unable to afford the payments and called the Defendant and told them that on the advice of her legal counsel she was stopping the settlement arrangement that was in place.

33.  Defendant's agent became angry and demanded to know why the Plaintiff was not going to make her payments.

34.  Defendant refused to confirm the cancellation of this settlement arrangement with the Plaintiff.

35. Defendant informed the Plaintiff that she should not be listening to her attorney because they were going to tell her anything they needed to just to get their money.

36. Plaintiff ended the call.

37. On or about August 23, 2011, despite being told not to take any further payments from the Plaintiff's checking account, the Defendant without authority or consent withdrew $50.00 from Plaintiff's bank payment.

38. Defendant did not return this money.

39. Although being fully aware that the Plaintiff is represented by legal counsel the Defendant continues to call and try and collect money from the Plaintiff.

40. Defendant refuses to contact Plaintiff's attorney.

41. Defendant knew that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its and its agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

42. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

43. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of Plaintiff herein.

44. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I – FDCPA

45. The above paragraphs are hereby incorporated herein by reference.

46 At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

47. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

| | |
|---|---|
| §§ 1692c(a)(2): | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(c): | After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |
| §§ 1692d: | Any conduct that natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, Accounts Receivable Management, Inc. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### Violations of New York General Business Law §349

48. Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

49. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

50. GBL §349 provides in relevant part as follows:

(a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state are hereby declared unlawful

(g) This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct any inquiry

(h) In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover her actual damages or fifty dollars whichever is greater, or both such actions. The court may, in discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing Plaintiff.

51. As a direct and proximate result of Defendant's deceptive acts and practices, committed in violation of GBL §349, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of the practices and actions of the Defendant.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, Accounts Receivable Management, Inc. and Order the following relief:

a. Actual damages;

b. Statutory damages;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT III

### Violations of New York General Business Law §601

52. Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

53. Under New York General Business Law §601, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

54. GBL §601 provides in relevant part as follows:

(a) Communicate with the debtor or any member of his family or household with such frequency or at such unusual hours or on in such a manner that can reasonably be expected to abuse or harass the debtor.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Statutory damages;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

### V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date:  October 5, 2011**          **BY:** _____
                                    Bruce K. Warren, Esquire

                                    Warren & Vullings, LLP
                                    93 Old York Road
                                    Suite 333
                                    Jenkintown, PA  19046
                                    215-745-9800
                                    Fax 215-745-7880
                                    Attorney for Plaintiff
                                    bkw@w-vlaw.com

# EXHIBIT "A"

PO Box 6489
Columbia, MD 21045

**PERSELS & ASSOCIATES, LLC**
**PERSELS & ASSOCIATES, LLP (CA, MI)**
**PERSELS & ASSOCIATES, PLLC (NC)**
A National Law Firm Dedicated to Consumer Rights

Neil J. Ruther, licensed in MD
Leza Griffith, licensed in MD, DC
William Grafton, licensed in MS, TX
Lisa L. Perrillo, licensed in NY, NC
Jimmy B. Persels, Of Counsel, licensed in MD, IL
Aileen Schlissel, licensed in NV, NY

Phone: (800) 498-6761
Fax: (888) 863-8659

ACCOUNTS RECEIVABLES MANAGEMENT

January 19, 2011

Client Name:              Norma Rogers
Creditor Account Number:
Client SSN:               XXX-XX-

To Whom It May Concern:

Our law firm has been retained by Norma Rogers . Persels & Associates has a limited power of attorney to represent this client in debt settlement negotiations. Please update your records to reflect the firm as your contact for settlement of our client's debts. Cease all further direct contact with our client pursuant to the Fair Debt Collections Practices Act.

This scope of our representation does not include entry of appearance on behalf of the client in any related litigation. <u>We do not accept service on behalf of our client in any proceeding. All court papers and notices must be served directly on the party.</u>

You can reach Persels & Associates at (800) 498-6761. We will contact you in the future to discuss possible settlement options. We look forward to working with you and appreciate your assistance in resolving this matter so that we can expedite a solution that is best for everyone.

Sincerely,

Aileen Schlissel
Counsel
Persels & Associates

Rev: 1024E-004-091220